```
        IN THE UNITED STATES DISTRICT COURT
     FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| FELIZ BAEZ | : | NO. 01-529-2 |

MEMORANDUM

Bartle, J.                                              August 25, 2022

Before the court is the motion of defendant Feliz Baez to lift his detainer as well as an appeal of the magistrate judge's order holding him in custody pending a hearing on the revocation of his supervised release.

I

Baez pleaded guilty in this court on January 17, 2002 to one count of conspiracy to distribute (21 U.S.C. § 846), two counts of distribution of a controlled substance within 1,000 feet of a school (21 U.S.C. § 860(a)), and one count of possession with intent to distribute within 1,000 feet of a school (21 U.S.C. § 860(a)).  He was sentenced on March 27, 2002 to a term of imprisonment of 194 months and 10 years of supervised release.  His supervised release began on August 5, 2014 and runs until August 4, 2024.  It was modified on November 17, 2017 to impose a term of home confinement with electronic monitoring for sixty days after he was charged with driving

under the influence of alcohol following a traffic stop.  It was again modified on February 11, 2020 to impose an additional term of home confinement with electronic monitoring for ninety days and an order to refrain from the use of alcohol, submit to random alcohol testing, and participate in an alcohol treatment program after he was found guilty on December 19, 2019 of driving under the influence.

On January 22, 2022, Baez was arrested by the Philadelphia Police and charged with rape/forcible compulsion (18 Pa. C.S. § 3121), sexual assault (18 Pa. C.S. § 3124.1), unlawful restraint/serious bodily injury (18 Pa. C.S. § 2902), indecent assault/without consent of other (18 Pa. C.S. § 3126), and simple assault (18 Pa. C.S. § 2701).  The alleged crimes occurred on January 1, 2022.

On February 1, 2022, the federal probation office filed a petition alleging that Baez violated the terms of his federal supervised release based on his arrest in Philadelphia.  That same day this court ordered that a warrant be lodged as a detainer directing that Baez be arrested and brought before the court for a revocation hearing.

On April 18, 2022, bail was set in his state action at $100,000.  Baez posted bail on April 26.  After posting bail, however, he was not released from local custody because of the detainer in his federal case for violation of supervised

release.  He has remained in custody since his arrest on January 22, 2022.  His jury trial in the Court of Common Pleas of Philadelphia County is not scheduled until May 22, 2023.

On June 29, 2022, Baez filed in this court a motion to lift the detainer.  He was thereafter brought into federal custody.  He appeared before the magistrate judge on August 11, 2022 and August 18, 2022 on the petition for violation of supervised release at which time the magistrate judge denied bailed and ordered that he be held in federal custody pending the hearing on the petition.  The Government has advised the court that the magistrate judge's order was based on the need to protect the community and was not based on any perceived risk of flight.

Baez appeared before this court on August 25, 2022 for a hearing on his motion to lift his detainer and on his appeal of the magistrate judge's detention order pending his revocation hearing.

II

Rule 32.1 of the Federal Rules of Criminal Procedure pertains to revoking or modifying probation or supervised release.  It provides that a "magistrate judge may release or detain the person under 18 U.S.C. § 3143(a)(1) pending further proceedings."  Fed. R. Civ. P. 32.1(a)(6).  This rule also states that "[t]he burden of establishing by clear and

convincing evidence that the person will not flee or pose a danger to any other person or to the community rests with the person." Fed. R. Civ. P. 32.1(a)(6).

Section 3143(a)(1), to which Rule 32.1 makes reference, concerns the release or detention of a defendant pending sentence or appeal. It provides that:

> the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence . . . be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c). If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c).

18 U.S.C. § 3143(a)(1).

Section 3142(b) authorizes release on personal recognizance or execution of an unsecured appearance bond with limited conditions.

Section 3142(c) lists specific conditions a judicial officer may impose when ordering the release of a person if such conditions are needed to "reasonably assure the appearance of the person as required and the safety of any other person and the community." Such conditions include: assigning custody to a designated person to report to the court; abiding by restrictions on personal associations, place of abode, or

-4-

travel; avoiding contact with the alleged victim and any potential witness who may testify at trial; reporting on a regular basis to a law enforcement agency; undergoing treatment; or refraining from excessive use of alcohol or any use of a controlled substance.  § 3142(c)(1)(B).

Section 3142(c)(1)(B)(xiv) adds a catch-all provision that the judicial officer is entitled to require a person to "satisfy any other condition that is reasonably necessary to assure the appearance of the person as required and to assure the safety of any other person and the community."  If the judicial officer orders pretrial release, that release must be "subject to the least restrictive further condition, or combination of conditions."  § 3142(c)(1)(B).

Rule 1101 of the Federal Rules of Evidence states that the Federal Rules of Evidence do not apply to proceedings "granting or revoking probation or supervised release" or to proceedings "considering whether to release on bail or otherwise."  Fed. R. Evid. 1101(d)(3).

### III

Baez is a forty-five year-old man who lives with his fiancée and two children in Philadelphia.  He is a certified electrician with the Local 98 and was working in that capacity at or near the time of his arrest in January 2022.

As previously stated, he was sentenced back in 2002 for drug-related crimes and has two DUIs since his release. He has no history of violence prior to his arrest on his pending state charges. No other problems while on supervised release other than the DUIs have occurred.

The state charges are quite serious. He is alleged to have raped an eighteen year-old relative of a niece at a New Year's Eve party in the early hours of January 1, 2022. There were no witnesses other than the complainant and Baez. The complainant reported the allegations to law enforcement the following day, and DNA samples were taken. The results of the DNA tests did not indicate any physical evidence connecting Baez to the charges. The District Attorney plans to proceed to trial on these charges but not until May 2023. It will be up to a jury to decide whether Baez is guilty.

Baez's family is in the Philadelphia area, and he does not have a passport. The Government does not contend that he is a flight risk. The sole issue is whether Baez remains a danger to the safety of the complainant or to the community.

Baez contends that he is not a danger to the complainant or to the community and that in any event any danger can be negated by electronic home monitoring or other such conditions of release the court deems appropriate. Baez

maintains he does not know where complainant lives, and there is no evidence to the contrary.

While the court does not minimize the gravity of the charges against Baez, he is presumed innocent. He has been incarcerated since January 22, 2022, and his trial in the state court will not take place for nine more months. He has no prior history of violence. He has a stable family life. He has the capacity to find gainful employment to support himself and his family should he be released. The state court has allowed him to post bail. Without relief from this court, he will remain incarcerated until his trial.

This court finds that Baez has met his burden of establishing by clear and convincing evidence that he will not flee or pose a danger to any other person or the community pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure. This court finds that he can be released with conditions that protect the complainant and the community.

The court will grant the motion of Baez to lift his detainer and will remand him to local custody with conditions as set forth in the accompanying order to be imposed once he is released on bail. Those conditions include electronic monitoring and home confinement, with certain exceptions, and no contact with the complainant or any potential witnesses in his state case.